KIBLER FOWLER & CAVE LLP
John D. Fowler (SBN 271827)
jfowler@kfc.law
Tracy B. Rane (SBN 192959)
trane@kfc.law
Dominique Caamano (SBN 301810)
dcaamano@kfc.law
Zien Halwani (SBN 322040)
zhalwani@kfc.law
11100 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone:   (310) 409-0400
Facsimile:   (310) 409-0401

*Attorneys for Plaintiff* WESTSIDE
MERCHANDISING, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTSIDE MERCHANDISING, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>NEVER BROKE AGAIN LLC, a Louisiana limited liability company; KENTRELL DESEAN GAULDEN AKA NBA YOUNGBOY, an individual; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br>**(2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**(3)  DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Westside Merchandising, LLC ("Westside") demanding trial by jury, complains and alleges on information and belief as follows:

## INTRODUCTION

1.      This lawsuit arises out of the breach of a written merchandise agreement that was entered into between Westside and Never Broke Again, LLC ("Never Broke")/Kentrell DeSean Gauldon a/k/a NBA Youngboy "Youngboy") (collectively "Defendants")

2.      The agreement at issue is a "Merchandise License Agreement," dated February 24, 2023 ("MLA").  Westside is a global full-service apparel, fashion, and merchandise company, that, among other things, designs and manufactures apparel and merchandise.  Westside has an award-winning creative department with in-house designers and has designed tens of millions of dollars' worth of apparel and merchandise for the world's leading entertainers, brands, and retailers.  In addition to designing and manufacturing apparel and merchandise, Westside has decades of merchandise program management department, pursuant to which it provides artists, promoters, and labels in the entertainment industry with touring support.  This support includes tour forecasting and logistics, venue settlements, and handling the ticketing VIP meet-and-greets for the tour.  Defendant Youngboy is an American rap artist.  Never Broke is Youngboy's record label.

3.      The MLA gives Westside certain exclusive and non-exclusive rights to sell Defendants' merchandise in exchange for the payment of certain advances and royalties to Defendants.  Pursuant to Schedule 2 of the MLA, Youngboy is obligated to participate in specific marketing activities to promote the merchandise products that Westside designs, manufactures, and sells under the MLA.

4.      The MLA also give Westside certain rights relating to Defendants' touring merchandise.  It provides that Westside shall pay Defendants a specific percentage (70%) of the net profits generated from the sale of Merchandise Westside receives at live concerts and tours.  The MLA further provides that

1    Westside shall manage and staff all touring and live events, subject to Defendants'

2    agreement with the Artist Touring partner or sponsor, and that Defendants shall

3    make "best efforts" to have Westside be the merchandise representative for such

4    Touring, concerts or live events.

5          5.     Although Westside paid Defendants a *million dollar* advance and has

6    consistently performed its end of the bargain by designing and manufacturing

7    approved apparel and merchandise and paying Defendants the net profits to which

8    they are entitled, Defendants immediately failed to perform any of the services that

9    they promised.  Instead, from the outset, they misrepresented that they owned the

10   intellectual property that they licensed to Westside (they failed to register the

11   trademarks), thwarted Westside's efforts to sell the merchandise by wrongfully

12   promoting the trademarks for a competitor's line of merchandise, and failed to

13   comply (and still refuse to comply) with the specified promotional activities

14   required under the MLA.  Each step of the way Westside complied with its

15   obligations – it designed, manufactured and sold quality and approved merchandise

16   under the MLA – but Defendants thwarted its efforts by engaging in conduct that

17   was deleterious to the promotion of the merchandise and to the relationships that

18   Westside had fostered with third parties.

19         6.     In fact, Youngboy could not perform a majority of his marketing

20   obligations because soon after he executed the MLA, he was sentenced to 23 months

21   in prison.  Yet, now that Youngboy is finally free from prison, instead of acting in

22   good faith, Defendants sent a notice of termination of the MLA under the guise that

23   *Westside* has somehow failed to perform its contractual duties under the MLA.

24         7.     The purpose behind Defendants' purported termination is clear:

25   Youngboy has embarked on a nationwide 32-date lucrative tour and Defendants

26   have obviously obtained a new advance from another company to handle the touring

27   merchandise *even though Defendants are contractually obligated to use Westside*

28   *and Westside has an exclusive license to sell Never Broke Again merchandise* -

KFⁱᶜ Kibler Fowler & Cave ᴸᴸᴾ
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

1  rights that upon information and belief will be infringed by the new merchandise

2  that will be sold at Young Boy's upcoming tour.  In doing so, Youngboy has

3  breached the MLA that requires Westside to act as the touring representative subject

4  to the approval of Defendants' touring partner.  Upon information and belief,

5  Defendants have failed to use any good faith efforts – not to mention any *best efforts*

6  -- to have Westside act as the touring representative.  An actual controversy now

7  exists between the parties, and an Order from this Court is necessary to find that the

8  MLA has not been terminated and that Defendants have not used their best efforts to

9  have Westside as their touring representative for the tour or as the touring

10  representative and to sell VIP meet-and-greets for the upcoming MASA tour for

11  Defendants.

12      8.      All of the foregoing conduct from Defendants is extremely detrimental

13  to Westside.  Westside brings this action to recover damages it has suffered due to

14  the significant breaches from the Defendants' failure to comply with their duties

15  under the MLA, which have caused Westside significant financial harm.  Westside

16  also seeks an Order from this Court that the MLA has not been terminated by the

17  May 27, 2025 letter that was sent by Defendants, and that Defendants have failed to

18  use their best efforts as required by the MLA.

## PARTIES

19

20      9.      Plaintiff Westside is a Delaware limited liability company with its

21  principal place of business in San Diego, California.

22      10.      Defendant Never Broke Again is a Louisiana limited liability company,

23  which Plaintiff is informed and believes has a principal place of business in Los

24  Angeles.

25      11.      Defendant Kentrell DeSean Gaulden aka NBA Youngboy is an

26  individual who lives in Salt Lake City, Utah.

27      12.      Defendants Does 1 through 10 are sued by fictitious names as their true

28  names are currently unknown to Plaintiff.  Plaintiff will seek leave to amend this

4
COMPLAINT

1  complaint to allege the true identities of these Defendants when the same have been

2  ascertained.

3       13.    Plaintiff is informed and believes that at all relevant times, all

4  Defendants were the agents and/or co-conspirators of their co-defendants, and in

5  doing the things hereinafter alleged, were acting within the course and scope of their

6  authority as those agents and/or co-conspirators and with the permission and consent

7  of their co-defendants.

8  **JURISDICTION AND VENUE**

9       14.    This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §

10  1332(a) because the amount in controversy exceeds $75,000 and complete diversity

11  of citizenship exists.

12       15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c),

13  and 28 U.S.C. § 1400(a) because the claims arise in this Judicial District and

14  Plaintiff and the Defendants transact business in this Judicial District.

15  **GENERAL ALLEGATIONS**

16  *The Merchandise Licensing Agreement*

17       16.    On February 24, 2023, Westside entered into a Merchandise License

18  Agreement ("MLA") with Never Broke Again, LLC ("Never Broke")/Kentrell

19  DeSean Gauldon a/k/a NBA Youngboy ("Youngboy") (collectively "Defendants"),

20  pursuant to which Westside was given certain exclusive and non-exclusive licenses

21  to develop, design, manufacture, sell, distribute and license merchandise products

22  for all channels of distribution (the "Merchandise Rights").  A true and correct copy

23  of the MLA is attached here as Exhibit "A."

24       17.    As set forth in the MLA, Westside paid Defendants a million dollar

25  advance that was to be recouped from the sale of the merchandise products.

26  Youngboy was to be paid 50% of the Net Profits, as defined in the MLA, received

27  by Westside for the Merchandise Products sold until Youngboy's advance was fully

28  recouped.  After the advance was recouped, Youngboy was to receive 60% of the

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

1  Net Profits.

2      18.    Specifically, Westside was given the exclusive Merchandise Rights in

3  the mark Young Boy Never Broke Again in Class 25 (apparel) and in the website

4  www.neverbrokeagain, as well as the nonexclusive rights in NBA Youngboy,

5  Youngboy Never Broke Again (or any derivatives associated with the Artist

6  Kentrell Gaulden a/k/a NBA Youngboy).

7      19.    Significantly, Westside is also given rights relating to Defendants'

8  touring merchandise. Paragraph 3.1(b) of the MLA provides that Westside shall pay

9  Youngboy 70% of Net Profits generated from Tour Rights (concerts/live events),

10  and that Westside "shall manage and staff all touring and live events."  The MLA

11  further provides that Westside "shall pay Artist 70% of Net Profits for Tour Rights

12  (concerts/live events)," and that "Westside's right to Touring, concerts and live

13  events shall be subject to Youngboy and or Neverbroke's agreement with the Artist

14  Touring partner or sponsor."  It further provides that "Youngboy and Never Broke

15  shall make best efforts to all Westside to be the Merch representative for any such

16  Touring, concerts or live events."

17      20.    Paragraph 3.1(c) of the MLA provides that during the Term, Youngboy

18  and Never Broke shall make best efforts to provide that Westside shall have the

19  right to exclusively sell VIP meet-and-greet Merchandise Products with Artist,

20  which shall be sold and scheduled based on Artist's availability and approval.

21      21.    Schedule 2 of the MLA sets forth "Marketing & Deliverables."  Here,

22  Young Boy was required to provide various services to promote the Never Broke

23  Again and Young Boy merchandise that was being sold under the MLA.

24  Specifically, among other things, YoungBoy was obligated to:

25      (a) participate in at least one (1) photoshoot per year (up to 4 hours), and give

26      one quote from Youngboy per year which could be included in a press release

27      to be issued by Westside;

28      (b) participate in one thirty (30) minute in-person or video conference session

KF&C

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

with Westside;

(c) participate in one "Personal Appearance" per year, defined as an in-person or virtual appearance of up to 2 consecutive hours from arrival or call time (excluding grooming, wardrobe, travel and reasonable breaks);

 (d) appear directly in at least one Instagram post per year in the first 6 months of each year, unless otherwise agreed to by Westside;

(e) in each year of the Term make at least one Instagram post per month promoting the Merchandise Products on Never Broke's Instagram page—neverbrokeagainllc; and

(f)  tag @westsidechandising in all posts and grant Westside information from insights;

### YoungBoy's Failure to Perform and Breach of the MLA

22.    Notwithstanding the express requirements set forth in Schedule 2 of the MLA, Youngboy did not perform any of the requisite promotional duties to promote the MLA.  In fact, he engaged in conduct that frustrated sales of the merchandise that was designed, manufactured, and sold by Westside under the MLA.

23.    First, instead of promoting the Westside products on his Instagram, Youngboy began wearing a competitor's apparel and appeared in public while tagging himself wearing a competitor's apparel.  In fact, he used his Instagram account to promote other companies – rather than his partner Westside's merchandise.  In fact, Young Boy routinely promoted Lost Hill's merchandise, which featured the Never Broke Again trademark that was licensed exclusively to Westside.

24.    Nor did Youngboy participate in the 30-minute video conference session with Westside.  He also failed to make one Instagram post per month promoting the Merchandise Products or tag Westside in the posts (because he never made the posts in the first instance), and he did not participate in any personal or virtual appearances.

25.     In fact, when he actually decided to post on social media, he only harmed the business opportunities that Westside had procured for Defendants and Westside.  By way of example, Westside had procured a lucrative contract with Pacific Sun for the Defendants in connection with the MLA, but after Young Boy posted a photo on Instagram depicting himself passed out next to what appear to be pills (seemingly promoting drug use) and stating "& that's why I don't pick up my phone when it ring," Pacific Sun decided to cancel its contract.

26.     Similarly, Westside secured a lucrative deal with Lizzie Pure of Pure Atlanta for Defendants products to be sold at all of Pure Atlantic's locations.  Yet again, Youngboy's conduct thwarted the opportunity—he posted derogatory statements about her on social media—which caused her to cancel the business arrangement.  Attached hereto as Exhibit B is a true and correct copy of Youngboy's Instagram post regarding Lizzie Pure. Westside was informed that after Youngboy posted this Instagram post, Ms. Pure was harassed and received death threats.

27.     In short, although Westside was diligent, obtained numerous opportunities for the venture, and performed all of its contractual duties in good faith, Youngboy did nothing except fail to perform his duties, while impeding Westside's efforts, and causing the parties to lose significant opportunities and profits.

28.     Worse yet, soon after Defendants signed the MLA—in May of 2023—Youngboy was arrested in Utah, and put under house arrest in connection with a drug charge.  Soon thereafter in December of 2023, he was sentenced to 23 months behind bars in connection with a 2020 arrest.  Accordingly, Youngboy has been incarcerated for the majority of the MLA and failed to perform his contractual duties.  He was not released until receiving a presidential pardon in May of 2025. This obviously put the MLA on pause for two years and deprived Westside of a significant benefit of its bargain.

***Defendants' Announcement of the MASA 32-Date Tour and Breach of the***

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

*Best Efforts Clause*

29.    On or about May 15, 2025, Youngboy publicly announced his first concert in five years—his 2024 "MASA Tour," which was also his first ever headlining tour.

30.    Immediately upon learning about the tour, Westside's Vice President of Touring Operations contacted Defendants and their team so that Westside could start planning logistics and get a plan in motion for Defendants' merchandise needs for the upcoming tour.  Defendants, however, clearly had no intention of honoring the terms of the MLA and working with Westside on the upcoming tour.

*Defendants' Purported Notice of Termination of the MLA*

31.    Instead, on May 27, 2025, Defendants sent a letter to Westside in which they stated that effective as of the date of the letter, they were formally terminating the MLA on the purported grounds of "the poor performance by Westside Merchandise for the sale of our merchandise as unacceptable."  According to Defendants "[s]uch poor performance has caused Never Broke Again to remain in a unrecouped position after 2 years."  They further claimed in the letter that pursuant to paragraphs 3.1(b) and 3.1(c) of the MLA, Westside "had not been approved for permission to sell merchandise on the Youngboy Never Broke Again Tour 'MASA,'" and that "[d]espite our good faith efforts, we have been unable to secure approval from our touring partner for Westside Merchandise's participation in merchandise or VIP sales."  Defendants did not identify who its "touring partner" was, nor did they state what, if any "good faith efforts" they made.

32.    Significantly, as set forth in the MLA (Paragraph H of Schedule 1), Defendants can only terminate the MLA after three years unless they are fully recouped (they are not).  Although the MLA permits Defendants to terminate two years after the effective date, the Defendants must pay 115% of the unrecouped balance *and* the MLA is then only terminated effective as of the end of the quarter in which repayment by Defendants is made.  Defendants did not tender the payment

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

with its May 27 termination letter, and to date, Westside has not received any payment from Defendants.

## FIRST CAUSE OF ACTION

### Breach of Contract

(Against Defendants Never Broke Again LLC

and Kentrell DeSean Gauldron aka NBA Youngboy)

33.    All previous allegations are realleged and incorporated by reference, as though fully set forth herein.

34.    On February 24, 2023, Westside entered into a Merchandise License Agreement ("MLA") with Never Broke Again, LLC ("Never Broke")/Kentrell DeSean Gauldon a/k/a NBA Youngboy ("Youngboy") (collectively "Defendants). A true and correct copy of the MLA is attached here as **Exhibit "A."**

35.    Westside performed its obligations under the MLA or was excused from performing.

36.    Defendants breached the MLA by failing and refusing to fulfill their obligations and perform the services required under the MLA as specified above. Indeed, far from complying with their obligations, Young Boy was incarcerated for the majority of the MLA.  Defendants have also failed to perform any of the requisite services set forth in Schedule 2 of the MLA.

37.    Additionally, Westside is informed and believes that Defendants have failed to make "best efforts" to have Westside be the merchandise representative for Defendants' upcoming tour, or to sell VIP meet-and-greet Merchandise Products with Youngboy at the upcoming tour, as required by the MLA.

38.    Westside has suffered harm and continues to suffer harm as a result of the Defendants' breaches of the MLA.

39.    Westside has suffered damages in the form of the unrecouped balance that Defendants owe to Westside in connection with the MLA, the substantial damages because of the failure of Defendants to perform the requisite promotional

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

and marketing services required by the MLA, and the substantial profits due to Westside as a result of Defendants' failure to use best efforts to have Westside as the touring representative and to sell VIP meet-and-greet merchandise with Youngboy for the upcoming tour.  Westside has also lost and continues to lose substantial profits, as a direct and proximate result of Defendants' breach of the MLA in amounts to be proven at trial.  These losses were all actually foreseen, or were reasonably foreseeable, by Defendants at the time the parties entered into the MLA.  Westside is also entitled to recover its attorneys' fees due to Defendants' material breach of the MLA.

## SECOND CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

(Against Defendants Never Broke Again LLC

and Kentrell DeSean Gauldron aka NBA Youngboy)

40.    All previous allegations are realleged and incorporated by reference, as though fully set forth herein.

41.    On or about February 23, 2024, Westside and Defendants entered into the MLA attached hereto as **Exhibit A**.

42.    Westside performed all or substantially all of the significant things that the MLA required it to do.

43.    Defendants' conduct, including the failure to perform the requirements set forth in Schedule 2 of the MLA, the failure to use their best efforts to have Westside act as the merchandise representative for Defendants' upcoming tour, and the failure to use their best efforts to have Westside exclusively sell VIP meet and greet Merchandise Products with Youngboy, has prevented Westside from receiving the benefits under the MLA. By doing so, Defendants have failed to act fairly and in good faith.

44.    As a result of Defendants' conduct, Westside has been harmed in amounts to be proven at trial.

1

2

**THIRD CAUSE OF ACTION**

**Declaratory Relief**

(Against Defendants Never Broke Again LLC

and Kentrell DeSean Gauldron aka NBA Youngboy))

45.     All previous allegations are realleged and incorporated by reference, as though fully set forth herein.

46.     An actual controversy has arisen between Westside and Defendants relating to the rights and duties of Westside and Defendants in that Westside contends: (a) the MLA has not been terminated by Defendants letter dated May 27, 2025; (b) the MLA cannot be terminated until two years after the effective date, and 115% of the Defendants' current unrecouped balance is received by Westside, at which time the MLA shall terminate at the end of the quarter in which the repayment is made; (c) a dispute exists as to the amount Defendants owe for their current unrecouped balance; (d) a dispute exists as to whether the MLA was essentially paused for two years due to Youngboy's incarceration, and therefore, "two years" have not passed since the effective date of the agreement as Defendants contend; and (e) Defendants have failed to use "best efforts" as required under the MLA to use Westside as the touring representative and to sell the VIP meet-and-greet for the upcoming MASA tour for Defendants.

47.     Westside is informed and believes that Defendants dispute each of these contentions.  Thus, the declarations Westside seeks is necessary to determine the rights and obligations of the parties under the MLA.

**PRAYER FOR RELIEF**

WHEREFORE, WESTSIDE demands judgment against Defendants for the following:

a.     Compensatory, general and consequential damages;

b.     Costs of this action;

c.     Pre- and post-judgment interest;

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

d.   Declaratory relief, including an Order stating that:

    1.   The MLA has not been terminated by Defendants letter dated May 27, 2025;

    2.   The MLA cannot be terminated until two years after the effective date, and 115% of the Defendants' current unrecouped balance is received by Westside, at which time the MLA shall terminate at the end of the quarter in which the repayment to Westside is made;

    3.   Because performance by Defendants under the MLA was paused during Defendants' incarceration, Defendants cannot elect to terminate the MLA before adding the time that Defendant was incarcerated to the termination date set forth in paragraph H of the MLA;

    4.   Defendants have failed to use best efforts to use Westside as the touring representative and to sell the VIP meet-and-greet for the upcoming MASA tour for Defendants.

e.   Attorneys' fees; and

f.   Any other and further relief that the Court deems just and proper.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

Dated:  August 8, 2025                    KIBLER FOWLER & CAVE LLP


By: _____
          JOHN D. FOWLER
          TRACY B. RANE
          DOMINIQUE CAAMANO
          ZIEN HALWANI
          Attorneys for Plaintiff Westside
          Merchandising, LLC


## **DEMAND FOR JURY TRIAL**

Plaintiff Westside Merchandising, LLC hereby demands a trial by jury.


Dated:  August 8, 2025                    KIBLER FOWLER & CAVE LLP


By: _____
          JOHN D. FOWLER
          TRACY B. RANE
          DOMINIQUE CAAMANO
          ZIEN HALWANI
          Attorneys for Plaintiff Westside
          Merchandising, LLC

COMPLAINT