# EXHIBIT A

DocuSign Envelope ID: E9B3A0E8-ECEE-4011-A2B1-13F5A017FC7E



**WESTSIDE**
**MERCHANDISING**
www.WestsideMerchandising.com

This Merchandise License Agreement ("Agreement") is made and entered into as of February 24, 2023 by and between Westside Merchandising, LLC ("Westside") on one hand, and Never Broke Again, LLC ("Never Broke") / Kentrell DeSean Gauldon a/k/a NBA Youngboy ("Youngboy") [hereinafter individually and/or collectively referred to hereinafter as "Artist" unless context otherwise requires].

## RECITALS

A.  WHEREAS, Artist is the exclusive owner and licensor of the merchandising rights to the name, trademark, service mark, likeness and image of Artist (the "Rights") listed on Schedule 1 attached hereto; and

B.  WHEREAS Westside manufactures, distributes, licenses, sells and markets merchandise products in all channels of distribution and desires to license the Rights to design, manufacture, sell, distribute and license merchandise products for all channels of distribution (the "Merchandise Rights").

NOW THEREFORE, in consideration of the mutual promises herein contained, it is hereby agreed as follows:

1. **GRANT OF RIGHTS.**

    (a)  **License.** During the Term, Artist hereby grants to Westside the exclusive and non-exclusive licenses as to certain Rights listed on Schedule 1 as to Merchandise Rights to develop, design, manufacture, sell, distribute and license all soft apparel merchandise across all channels of distribution, including but not limited to retail, licensing, tours, live events, VIP and fan-club, internet, e-commerce and direct to consumer (including mail order) but specifically excluding shoes (collectively the "Merchandise Products") throughout the Territory during the Term (as defined below).

    (b)  **Artist's Right of Approval.** Artist shall have the full right to approve any and all merchandise designs prior to them being shown or sold via the sales channels listed in this Agreement. Westside agrees to furnish Artist, free of cost, for its approval, no less than six (6) samples of each of the merchandise items covered by this Agreement. Artist shall be deemed to have granted approval with respect thereto if it does not notify Westside to the contrary within seven (7) business days (i.e., excluding weekends and holidays) after Artist's receipt thereof. Artist hereby designates Kyle Clairborne p/k/a Montana, email address: neverbrokeagainllc1@gmail.com as the authorized approval party for Artist.

    (c)  **Artist and Never Broke Participation.** Artist and/or Never Broke each respectively agree to participate in the marketing of the Merchandise Rights as specified on Schedule A attached; and

    (d)  Westside also agrees to create limited edition product lines in collaboration with Artist as mutually agreed by the parties during the Term.

2. **TERRITORY.** See Schedule 1

3. **RECOUPABLE ARTIST ADVANCES.**

    In consideration of the rights granted and obligations assumed by Artist and Westside hereunder, and subject to the full execution of this Agreement, Westside agrees to pay to Artist and Artist agrees to accept the Recoupable Artist Advances specified in Schedule 1.

    3.1  **Net Profits.** Westside shall pay Artist, on a monthly basis, the following for the Merchandise Products as specified in Schedule 1:

DocuSign Envelope ID: E9B3A0E8-ECEE-4011-A2B1-13F5A017FC7E

(a) <u>Retail, E-Commerce, Other</u>: Westside shall pay Artist fifty percent (50%) of the Net Profits actually received by Westside for Merchandise Products developed or manufactured pursuant to this Agreement through channels other than in connection with tours, concerts and live events as described in paragraphs 3.1(b) through 3.1(d), until such time as the Artist's Recoupable Advances have been fully recouped. Following recoupment of the Year 1 Recoupable Artist Advances, sixty percent (60%) to Artist of the Net Profits actually received by Westside for such Merchandise. Net Profits are all gross receipts actually received by Westside from the sale of Merchandise Products to wholesale to retail customers less applicable sales taxes, actual returns, sales commissions, freight, actual shipping, credits on returns and reasonable charge backs, and after recoupment of the Recoupable Artist Advances. For purposes of this Section 3.1(a) as to e-commerce, Net Profits are monies actually received by Westside from the sale of Merchandise Products via the internet, mail order or direct to consumer less cost of goods sold, applicable sales taxes (including VAT), returns, fraudulent purchases, currency risk, actual shipping and freight, handling fees, credits on returns, and reasonable charge backs.

(b) <u>Tour Rights (Concerts/Live Events)</u>: During the Term, Westside shall pay Artist 70% of Net Profits generated from Tour Rights (concerts/live events). Net Profits are gross receipts actually received by Westside from the sale Merchandise Products at live concerts and tours less local sales tax, import duties and V.A.T. or its equivalent, credit cards fees, freight, shipping, transportation, complete road expenses (including the costs related to the staffing of a merchandising tour manager, such as salary, hotel, per diem, transportation, travel and actual road expenses incurred, subject to proof of expenditure (e.g., receipts) and Artist's prior written approval (email shall suffice), security costs not paid for by the tour promoter or venue, hall and vendor fees, design fees, financial services fees (e.g., wire transfer fees), unsold inventory, comps, and cost of goods for such Merchandise Products. Westside will manage and staff all touring and live events. Westside's right to Touring, concerts and live events shall be subject to Youngboy and or Never Broke's agreement with the Artist Touring partner or sponsor. Youngboy and Never Broke shall make best efforts to all Westside to be the Merch representative for any such Touring, concerts or live events.

(c) <u>VIP Meet and Greet Rights (Concerts/Live Events)</u>: During the Term, Youngboy and Never Broke shall make best effort to provide that Westside shall have the right to exclusively sell VIP meet and greet Merchandise Products with Artist, which shall be sold and scheduled based on Artist's availability and approval. Westside shall pay Artist 70% of Net Profits generated from VIP meet and greet sales. Income paid to the Artist from all VIP sales will not be cross collateralized against any open or unrecouped advance. Net Profits are gross receipts actually received by Westside less local sales tax, import duties and V.A.T. or its equivalent, credit cards fees, freight, shipping, transportation, complete road expenses (including the costs related to the staffing of a meet and greet manager, such as salary, hotel, per diem, transportation, travel and actual road expenses incurred, subject to proof of expenditure (e.g., receipts) and Artist's prior written approval (email shall suffice), security costs not paid for by the tour promoter or venue, hall and vendor fees, financial services and administration fees, unsold inventory, comps, and cost of goods for such Merchandise Products.

(d) <u>Festival Events</u>. Artist will use best efforts to insure Westside shall be able to supply a minimum of one (1) Merchandise Product per festival in which Artist performs

For clarity, Net Profits to Artist shall only be payable on a prospective basis after Westside has recouped 100% of the Recoupable Advance(s) from Artist's respective share of receipts as set forth above.

3.2 <u>Letter(s) of Direction</u>. Artist may provide to Westside a signed letter(s) of direction directing a portion or all of the amounts due to Artist hereunder to Artist-'s loan-out company or other payees associated with Artist. Westside will honor such letter(s) of direction so long as they are duly executed by an authorized signatory of Artist. Westside's compliance with any executed letter(s) of direction will constitute an accommodation to Artist and Westside will have no liability by reason of any erroneous payment. Artist shall defend, indemnify and hold Westside harmless against any damages, losses, expenses or claims Artist may incur by reason of any such payment or otherwise in connection herewith.

4. **WARRANTIES.** Artist warrants that it owns, controls or holds valid licenses to all rights granted hereunder (i.e., the name, all images and all logos, trademark and/or service mark) and/or has the right to grant all rights granted to Westside and all materials furnished by Artist will not infringe upon or conflict with the rights of any other person.

5. **ACCOUNTINGS AND AUDITS.**

(a) With respect to the payment by Westside to Artist of Net Profits in accordance with the provisions of Section 3 above, customary reporting shall be rendered to Artist on a monthly basis during the Term, which accounting shall contain a complete statement, certified by an officer of Westside to be true and accurate, setting forth

FullyExecuted.MerchandiseAgt.NeverBrokeAgain.NBA.Youngboy.EXECUTIONCOPY4.022723.DOC

DocuSign Envelope ID: E9B3A0E8-ECEE-4011-A2B1-13F5A017FC7E

the basis upon which royalty payments accrued during the preceding quarter, the amount of Net Profits payable with respect to such month, and such other information as Artist may reasonably request. In the event Westside continues to receive payments following the expiration the Term, Westside will continue to submit to Artist customary reporting until such time payments cease. Statements and accountings shall be delivered no later than thirty (30) days following each calendar month.

(b)     Westside shall establish and maintain books, records, and systems of account, in accordance with generally accepted accounting principles, reflecting all business operations of Westside transacted under this Agreement. Artist shall have the right at its sole cost and expense to appoint an agent, representative or independent auditor to audit, examine, and make excerpts, copies and transcripts from Westside's books and records and to make audits of all billing statements, invoices, records and other data which pertain to the manufacture and sale of the Merchandise Products; provided that such examination shall be for a reasonable duration and shall take place at Westside's office during normal business hours on reasonable prior written notice, and shall not occur more than one (1) time in any twelve (12) month period during the Term and no later than twelve (12) months after the Term.

6.     **TERM AND TERMINATION.** See Schedule 1

7.     **INTELLECTUAL PROPERTY.** Artist shall own all artwork created by Westside and/or any third parties who create artwork and/or designs on behalf of Westside (the "Artwork") in connection therewith on a work for hire basis for the production of Merchandise Products, as this term is defined in Section 101 of the Copyright Act, 17 U.S.C. § 101. Westside acknowledges and agrees that the Artwork (and all rights therein, including, without limitation, copyright) belongs to and shall be the sole and exclusive property of Artist. If for any reason the Artwork or any part thereof would not be considered a work made for hire under applicable law, Westside does hereby sell, assign, and transfer to Artist, its successors and assigns, the entire right, title and interest in and to the copyright in the Artwork including, without limitation, any registrations and copyright applications relating thereto, any renewals and extensions thereof, all other intellectual property rights encompassed thereby, and in and to all works based upon, derived from or incorporating the Artwork. Westside shall execute and/or procure the execution by any third parties of all documents as Artist may deem necessary to transfer any rights in the Artwork to the Artist.

8.     **INDEMNIFICATION.** Westside agrees to defend and indemnify Artist, its officers, directors, agents, and employees, against any and all costs, expenses, losses (including reasonable attorney's fees and costs) incurred through claims of third parties against Artist arising from or related Westside's material breach of this Agreement or any breach of the representations and warranties made by Westside herein. Artist agrees to defend and indemnify Westside, their officers, directors, agents, and employees, against any and all costs, expenses, losses (including reasonable attorney's fees and costs) incurred through claims of third parties against Westside arising from Artist's material breach of this Agreement or any breach of the representations and warranties made by Artist herein.

9.     **ADDITIONAL TERMS AND CONDITIONS**.

**Sell-Off Period.** Westside shall have the right to manufacture as many Merchandise Products as it believes it is able to sell during the Term. Upon expiration of the Term, Westside shall have a six (6) month sell-off period with respect to its current inventory of Merchandise Products, provided that Westside will not manufacture additional quantities of Merchandise Products in anticipation of the sell-off period and further provided, Artist shall have the right to purchase the remaining inventory at the costs of the goods plus 10% (which shall be non-royalty bearing).

**Choice of Law.** This Agreement shall be governed by California law. This Agreement will be binding on each party's heirs, executors, administrators, legal representatives, successors and assigns. All claims, disputes or disagreements that arise out of the interpretation, performance, or breach of this Agreement shall be brought solely in the state or federal courts located in Los Angeles, California. The Parties hereby consent to the exclusive jurisdiction of the State of California and waive any defense of forum non conveniens.

**Miscellaneous.** Never Broke and/or Youngboy shall not assign this Agreement without the prior written consent of the other party. This Agreement is fully integrated and cannot be changed or terminated, except by a document signed by both parties. This Agreement may be signed in counterparts and by facsimile. The prevailing party hereto shall be entitled to recover the reasonable cost courts and attorney's fees incurred in connection with any claim hereunder.

**Counterparts.** This Agreement may be executed in counterparts, including by way of signatures transmitted by facsimile or PDF, each of which shall be deemed an original and both of which together shall constitute one and the same document.

DocuSign Envelope ID: E9B3A0E8-ECEE-4011-A2B1-13F5A017FC7E

The Parties to this Agreement acknowledge that each Party and its counsel have reviewed and contributed to the contents of this Agreement, and the Parties agree that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Agreement.

Signed on behalf of
Never Broke Again, LLC

By: *Kyle Claiborne*
Kyle Claiborne,
an Authorized Representative

By: *[signature]*
Kentrell DeSean Gaulden

Westside Merchandising LLC

By: *[signature]*
Seth Anderson - Managing Partner

By: *[signature]*
Brian Parsons-Managing Partner

### Inducement

The undersigned, Kentrell Gaulden a/k/a NBA Youngboy acknowledges that he has read the foregoing and assents to the execution thereof and agrees to be bound thereby to the same extent as if he were a party thereto.

*[signature]*
Kentrell Gaulden a/k/a NBA Youngboy

Dated: ~~February~~ March 26, 2023

WITNESS *[signature]*
PRINT NAME: Vince Phillips, Esq.

Dated: ~~February~~ March 26, 2023

DocuSign Envelope ID: E9B3A0E8-ECEE-4011-A2B1-13F5A017FC7E

## Schedule 1

### Specified terms and conditions

A. **Rights:**

    (1) Exclusive:    Never Broke Again – Class 25, domain & website: www.neverbrokeagain.com

    (2) Non-Exclusive:    NBA Youngboy, Youngboy, Youngboy Never Broke Again (or any derivatives associated with the Artist Kentrell Gaulden a/k/a NBA Youngboy)

B. **Merchandising Rights:** Apparel and Accessories in All Distribution Channels, including Retail, E-Commerce and Approved- Live, Tour, VIP, Fan Club, Licensing

C. **Territory:**    World

D. **Final samples:**    6 pieces per product

E. **Recoupable Artist Advances:**
Up to Two Million Dollars ($2,000,000) as follows:

**Year 1**
One Million Dollars ($1,000,000) as follows:
1) $300,000 payable upon full execution and delivery of approved digital artwork and other visual materials to Westside; 2 approved quotes about Youngboy's collaboration with Westside, bio and press release; administration rights to the domain www.neverbrokeagain.com; confirmation of clear title to trademark Never Broke Again – Class 25; approval of orders currently pending; and approval of no less than 8 designs of new Merchandise Products by Never Broke or Artist;

2) $200,000 payable no later than 7 days following (1) photoshoot with Youngboy, up to 4 hours at his location in Utah; approval of no less than 10 new designs of Merchandise Products;

3) $250,000 payable no later than 7 days following completion of three (3) mutually approved Instagram posts and/or stories by Never Broke on the NeverBrokeAgainLLC page promoting the Merchandise Products;

4) The balance payable no later than 7 days following completion of five additional (5) mutually approved Instagram posts and/or stories by Never Broke on the NeverBrokeAgainLLC page promoting the Merchandise Products; and completion of all deliverables listed on Schedule 2 attached

**Year 2**
One Million Dollars ($1,000,000) as follows:
Upon condition precedent of recoupment of at least 75% of the Artist Advances in connection with Year 1

1) 50% payable no later than 7 days following (1) photoshoot of no less than 4 hours with Youngboy and approval of 10 new designs of Merchandise Products; and

2) 25% payable no later than 7 days following completion of three (3) mutually approved Instagram posts and/or stories by Never Broke on the NeverBrokeAgainLLC page promoting the Merchandise Products; (1) Instagram post by Youngboy promoting the Merchandise Products; and

3) The balance payable no later than 7 days following completion of seven additional (7) mutually approved Instagram posts and/or stories by Never



DocuSign Envelope ID: E9B3A0E8-ECEE-4011-A2B1-13F5A017FC7E

Broke on the NeverBrokeAgainLLC page promoting the Merchandise Products; and completion of all deliverables listed on Schedule 2 attached

4) In the event the Year 1 Artist Advance is not 75% recouped, Westside shall reduce the Year 2 advance proportionately (but in no event less than $250,000)

**Legal Expenses**
In addition to the sums set forth hereinabove, with respect to the Year 1 and Year 2 Artist Advances, Westside shall pay an additional sum to Artist's Counsel (Vince Phillips, Esq.) the sum of five (5%) of the Artist Advances at the same dates and times Artist is paid by Westside, which sums Artist agrees shall be deemed additional Recoupable Artist Advances to Artist

F. **Net Profit Split** — See Paragraph 3 hereinabove

G. **Term** — The term of this Agreement ("Term") shall commence on the Effective Date and shall continue until the later of: (i) recoupment of the applicable Recoupable Artist Advances (ii) or Artist's election to terminate the Agreement on a date no earlier than three (3) years from commencement.

The Effective Date shall be the date of the approval of the 8 new Merchandise Product designs by Artist and/or Never Broke and the initial digital artwork is delivered by Artist and/or Never Broke ("Effective Date")

H. **Termination** — Following the date, two (2) years from the Effective Date, if Artist's account is unrecouped at the time Artist elects to Terminate the Agreement, Artist shall have the right to terminate the Agreement upon repayment and receipt of 115% of Artist's then-current unrecouped balance and this Agreement shall terminate effective as of the end of the quarter in which repayment by Artist is made.

DocuSign Envelope ID: E9B3A0E8-ECEE-4011-A2B1-13F5A017FC7E

## Schedule 2

## Marketing & Deliverables

### Artist and/or Never Broke's Services/Responsibilities

**Photo Shoot**
- Youngboy to participate in at least one (1) photoshoot per year (up to 4 hours), updated bio and one (1) quote from Youngboy per year which could be included in a press release to be issued by Westside

**Briefing & Creative Sessions**
- Youngboy or Never Broke will participate in one (1) thirty (30) minute in-person or video conference session with Westside

**Personal Appearances**
- Youngboy or Never Broke (subject to approval by Westside at the time such Personal Appearance is scheduled) to participate in one (1) "Personal Appearance" per year, defined as an in-person or virtual appearance of up to 2 consecutive hours from arrival or call time (excluding grooming, wardrobe, travel and reasonable breaks)
- The Personal Appearance may include the following: media interviews (in person, in studio/on camera/on radio, on the phone), personal appearances (virtual or in-person), touring Westside factories, photo opportunities, meet and greets, remarks/toast, signing autographs, on-site social media capture and posting based on real time approvals from Westside.

**Social Media** - Annually in each year of the Term
- Youngboy must appear directly in at least one (1) Instagram post per year in the first 6 months of each Year, unless otherwise agreed to by Westside
- Never Broke in each year of the Term shall make at least one Instagram post per month promoting the Merchandise Products of three (3) frames each on Never Broke's Instagram page - neverbrokeagainllc (grid posts [no less than 6] and stories [no less than 6])
- Never Broke will work in collaboration with Westside in apparel-approved content, for which Westside will be provided at least two (2) options for each post for approval
- Never Broke will tag @westsidechandising in all posts and grant Westside information from insights
- Westside may use any of the posts as content on its owned channels
- Westside shall have the right to re-post all content that Artist has approved and tag Artist's name in social media on all Westside owned social media channels

**Media & Marketing Activations**
- Artist or Never Broke (subject to approval by Westside at such time the media interview is scheduled) to participate in at least one (1) media interview per year via video conference of no more than fifteen (15) minutes each on mutually agreed upon dates and times.
- Westside will work with Never Broke to create activations/ marketing collaborations and promotions in area that include: colleges, professional sport athletes and other campaigns as mutually agreed by the parties

**Name and Likeness/Usage of Materials**
- During the Term, Westside, its permitted parties on behalf of Westside, may use Never Broke and/or Youngboy (e.g. name, approved likeness, approved image, performance, approved biographical information, Instagram handle, along with any quotes provided or approved by Youngboy in connection with the Westside, etc.) in advertising, PR, marketing, promotional, digital and other materials ("Materials") for use anywhere within the Territory and in all "Media".

- Westside partners (including other Westside engaged influencers, retailers, manufacturers, distributors, and agency partners) may be considered permitted parties to use and promote the Materials and Artist's Persona in connection with promotion of the Westside.

    Artist and/or Never Broke will have a right of approval over it's Persona as it appears in any Materials provided comments denial or approval is provided within 72 hours of delivery to Youngboy and/or Never Broke to assure the applicable materials approved for use and are in good taste and not incompatible with Youngboy and/or Never Broke's professional stature, dignity or character.

