Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (949) 623-7640
Fax: (858) 678-5099

Aamir A. Kazi (*pro hac vice* forthcoming)
GA Bar 104235
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Attorneys for Defendants NEVER BROKE AGAIN LLC and KENTRELL DESEAN GAULDEN aka NBA YOUNGBOY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

WESTSIDE MERCHANDISING, LLC, a California limited liability company,

Plaintiff,

v.

NEVER BROKE AGAIN LLC, a Louisiana limited liability company; KENTRELL DESEAN GAULDEN AKA NBA YOUNGBOY, an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:25-cv-07415-HDV-SK

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Hearing Date: November 6, 2025
Hearing Time: 10:00 a.m.
Courtroom: 5B
District Judge: Hon. Hernán D. Vera

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. LEGAL STANDARD ..... 3

IV. ARGUMENT ..... 4

A. Plaintiff Has Not Pled Any Specific Breach of Contract ..... 4

1. Plaintiff's "Best Efforts" Allegations Are Inadequate ..... 5

2. Plaintiff Failed to Pled a Breach ..... 5

B. Plaintiff's Claim for Breach of Covenant of Good Faith and Fair Dealing is Duplicative of Its Breach of Contract Claim ..... 6

V. CONCLUSION ..... 7

CERTIFICATE OF COMPLIANCE ..... 9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4

*Barrett v. Apple Inc.*,
523 F. Supp. 3d 1132 (N.D. Cal. 2021) .......... 6

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) .......... 3

*Bionghi v. Metro. Water Dist.*,
70 Cal. App. 4th 1358 (1999) .......... 6

*Donohue v. Apple, Inc.*,
871 F. Supp. 2d 913 (N.D. Cal. 2012) .......... 4

*Lamke v. Sunstate Equip. Co.*,
387 F. Supp. 2d 1044 (N.D. Cal. 2004) .......... 6

*Levy v. State Farm Mut. Auto Ins. Co.*,
150 Cal. App. 4th 1 (2007) .......... 4

*McKell v. Wash. Mut., Inc.*,
142 Cal. App. 4th 1457 (2006) .......... 4

*P&H Casters Co., Inc. v. P&H Indus., LLC*,
No. EDCV 24-1187 JGB, 2024 WL 4446546 (C.D. Cal. Aug. 26, 2024) .......... 7

*Progressive W. Ins. Co. v. Superior Ct.*,
135 Cal. App. 4th 263 (2005) .......... 4

*Tahiti v. Oceandless Design, Inc.*,
2023 WL 3321751 (C.D. Cal. Mar. 1, 2023) .......... 6

# I. INTRODUCTION

Westside Merchandising ("Westside" or "Plaintiff") entered into an agreement in March 2023 with Defendants Never Broke Again LLC ("Never Broke Again") and NBA YoungBoy (collectively, "Defendants") that would allow Westside to sell certain merchandise bearing NBA YoungBoy's IP. During the pendency of that agreement, NBA YoungBoy was one of the most popular artists in the country. In 2024, he was the most streamed rapper on YouTube in the United States. His song "No Time", release in February 2024, generated over 31 million views. While he was incarcerated for some portion of the time that his agreement with Westside was in effect, NBA YoungBoy retained his popularity during that time. His releases *I Just Got a Lot on My Shoulders* (2024) and *More Leaks* (2025) reached the Billboard charts, and he was the 7th best-selling rap artist in 2024.

Despite NBA YoungBoy's success, Westside was never able to generate meaningful revenue from merchandise sales. Thus, on May 27, 2025, Defendants sent Westside a notice of termination pursuant to the terms of the agreement between Westside and Defendants. Defendants agreed to abide by the termination provision verbatim. Rather than accept the termination (as it was contractually obligated to do), Westside brought this action for supposed breach of contract. However, Westside fails to plead any actual breach by Defendants.

First, Westside's First Cause of Action alleges Defendants failed to satisfy two "best efforts" provisions that relate to sales of merchandise associated with live tours. But NBA YoungBoy did not have any live tours during the pendency of his agreement with Westside, so these provisions (to the extent they are enforceable) are moot.

Second, Westside's First Cause of Action further alleges Defendants failed to perform marketing activities to promote certain merchandising. However, Westside fails to plead that it provided such merchandising to Defendants, as it was obligated to do so under the terms of its agreement. Westside cannot allege Defendants failed

to market the approved merchandising when there was no approved merchandising as a result of Westside's inaction.

Finally, Westside's Second Cause of Action alleges Defendants breached the covenant of good faith and fair dealing. Westside's claim, however, is duplicative of its breach of contract claim and therefore is legally inadequate.

For these reasons, the Court should dismiss Westside's First and Second Causes of Action.

## II. BACKGROUND

This case stems from a March 2023 Merchandise License Agreement ("MLA") between Westside Merchandising, Never Broke Again, LLC, and NBA YoungBoy. The agreement includes a provision under which the parties exchange certain rights, as set forth in Section 1 of the MLA. At a high level: (1) NBA Youngboy granted Westside certain rights under Section 1(a) for use in merchandising; (2) pursuant to Section 1(b), NBA YoungBoy had the right to approve merchandise designs to be used, and Westside was required to obtain NBA YoungBoy's consent; and (3) NBA YoungBoy and Westside agreed to jointly market the approved designs according to Section 1(c):

> 1. GRANT OF RIGHTS,
>
> (a) License. During the Term, Artist hereby grants to Westside the exclusive and non-exclusive licenses as to certain Rights listed on Schedule 1 as to Merchandise Rights to develop, design, manufacture, sell, distribute and license all soft apparel merchandise across all channels of distribution, including but not limited to retail, licensing, tours, live events, VIP and fan-club, internet, e-commerce and direct to consumer (including mail order) but specifically excluding shoes (collectively the "Merchandise Products"') throughout the Territory during the Term (as defined below).
>
> (b) Artist's Right of Approval. Artist shall have the full right to approve any and all merchandise designs prior to them being shown or sold via the sales channels listed in this Agreement. Westside agrees to furnish Artist, free of cost, for its approval, no less than six (6) samples of each of the merchandise items covered by this Agreement.

> Artist shall be deemed to have granted approval with respect thereto if it does not notify Westside to the contrary within seven (7) business days (i.e., excluding weekends and holidays) after Artist's receipt thereof. Artist hereby designates Kyle Clairborne p/k/a Montana, email address: neverbrokeagainllcl@gmail.com as the authorized approval party for Artist.
>
> (c) Artist and Never Broke Participation. Artist and/or Never Broke each respectively agree to participate in the marketing of the Merchandise Rights as specified on Schedule A attached; and
>
> (d) Westside also agrees to create limited edition product lines in collaboration with Artist as mutually agreed by the parties during the Term.

MLA, Section 1.

The MLA further requires certain payment terms in Section 3. The MLA calculates payments related to sales "other than in connection with tours, concerts and live events" in Section 3.1(a), and set forth payment terms related to tours, concerns and live events in Sections 3.1(b) and 3.1(c). Sections 3.1(b) and 3.1(c) include a statement referring to Defendants' "best efforts" that Plaintiff relies upon in the Complaint.

## III. LEGAL STANDARD

In *Bell Atlantic Corp. v. Twombly,* the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." 550 U.S. 544, 561 (2007) (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Id.* at 556.

For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted). In construing the *Twombly* standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Only when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

## IV. ARGUMENT

### A. Plaintiff Has Not Pled Any Specific Breach of Contract

"A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." *McKell v. Wash. Mut., Inc.,* 142 Cal. App. 4th 1457, 1489 (2006) (citation omitted). "The complaint must identify the specific provision of the contract allegedly breached by the defendant." *Donohue v. Apple, Inc.,* 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012) (citing *Progressive W. Ins. Co. v. Superior Ct.,* 135 Cal. App. 4th 263, 281 (2005)); *see also Levy v. State Farm Mut. Auto Ins. Co.,* 150 Cal. App. 4th 1, 5 (2007) ("Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity.") (citation omitted).

The Complaint does not provide this level of specificity. Rather, it identifies a laundry list of supposed misdeeds, then generically alleges "Defendants breached the MLA by failing and refusing to fulfill their obligations and perform the services required under the MLA as specified above." This vague statement is inadequate and unsupported. As best as can be determined, Plaintiff's allegations are based on the "best efforts" clause in Section 3.1(c) and the schedule of "Marketing & Deliverables"

in Schedule 2. Complaint, ¶¶ 19-21. But Plaintiff fails to set forth any breach of those provisions.

***1. Plaintiff's "Best Efforts" Allegations Are Inadequate***

Plaintiff alleges Defendants were obligated to "make best efforts to [*sic*] all Westside to be the Merch representative for any such Touring, concerts or live events." Complaint, ¶ 19. The MLA is similarly vague with respect to both of the "best efforts" clauses Plaintiff identifies. MLA at 3.1(b); 3.1(c). What is clear, however, is both of those "best efforts" clauses relate to Plaintiff's rights related to concerts and tours. *Id.* 3.1(b) (titled "Tour Rights"); 3.1 (c) ("titled VIP Meet and Greet Rights (Concerns/Live Events"). And as the Complaint itself acknowledges, Defendants did not participate in any tours due to YoungBoy's incarceration. *Id.,* ¶ 36. And with respect to any forthcoming tours or live events, as the Complaint acknowledges, Defendants provided a notice of termination. Complaint, ¶ 6.

Because YoungBoy did not have any concerts or live events after the entry of the MLA and prior to the notice of termination, YoungBoy could not have possibly breached any "best efforts" clauses related to those live events or concerts, and this claim must be dismissed.

***2. Plaintiff Failed to Plead a Breach***

Plaintiff's allegations concerning Schedule 2 fare no better. For starters, there is no reference to Schedule 2 in the MLA. The terms of the MLA refer to a "Schedule A." It may be the case the MLA was intending to refer to Schedule 2—but Plaintiff has not pled as much. Plaintiff's allegations should be dismissed for that reason alone.

Even assuming "Schedule A" was intended to refer to Schedule 2, Plaintiff still has not alleged any breach. Section 1 of the MLA sets forth the nature of rights exchanged under the agreement. In short, YoungBoy grants Westside a license for use in merchandising. MLA, Section 1(a). Westside was then to provide YoungBoy samples of the merchandising it intends to sell. MLA, Section 1(b). The parties agreed to participate in subsequent marketing of merchandising "as specified on

Schedule A." Other portions of the MLA provide more specificity on this process. Schedule 1, for example, identifies specific marketing events and sets forth financial incentives tied to the timing of the events. MLA, Schedule 1(E).

Plaintiff alleged this process was breached by Defendants, but Plaintiff does not allege it ever provided merchandising samples to Defendants to begin the process as it was required to. Indeed, if Plaintiff never provided merchandise to YoungBoy for his approval, it is unclear how Plaintiff can then allege YoungBoy breached subsequent provisions in the MLA for failing to promote that merchandise. Plaintiff's breach of contract allegation fails.

**B. Plaintiff's Claim for Breach of Covenant of Good Faith and Fair Dealing is Duplicative of Its Breach of Contract Claim**

To plead a breach of the implied covenant of good faith and fair dealing, Plaintiff must allege: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Tahiti v. Oceandless Design, Inc.,* 2023 WL 3321751, at *3 (C.D. Cal. Mar. 1, 2023) (citing *Barrett v. Apple Inc.,* 523 F. Supp. 3d 1132, 1158 (N.D. Cal. 2021)). But, under California law, Plaintiff's breach of implied covenant allegations must go "beyond the statement of a mere contract breach." *Bionghi v. Metro. Water Dist.,* 70 Cal. App. 4th 1358, 1730 (1999) (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1377, 272 Cal. Rptr. 387 (Ct. App. 1990)). If the allegations "rely[ ] on the same alleged acts . . . already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id.* "[I]n most cases, a claim for breach of the implied covenant can add nothing to a claim for breach of contract." *Tahiti,* 2023 WL 3321751, at *3 (quoting *Lamke v. Sunstate Equip. Co.,* 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2004)).

Here, Plaintiff's allegations in the breach of covenant claim are coextensive with its claim for breach of contract. Plaintiff's factual basis for this claim refers to Defendants' supposed: (1) "failure to perform the requirements set forth in Schedule 2 of the MLA"; (2) "failure to use their best efforts to have Westside act as the merchandise representative for Defendants' upcoming tour"; and (3) "failure to use their best efforts to have Westside exclusively sell VIP meet and greet Merchandise Products with YoungBoy." Complaint, ¶ 43. Plaintiff relies on those same exact bases for its Breach of Contract claim. *Id.*, ¶¶ 36-37. Because Plaintiff has not identified any allegations in its breach of covenant claim that go beyond its breach of contract claim, this claim must be dismissed. *See P&H Casters Co., Inc. v. P&H Indus., LLC,* No. EDCV 24-1187 JGB (SPX), 2024 WL 4446546, at *5 (C.D. Cal. Aug. 26, 2024).

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's First and Second Causes of Action in its Complaint pursuant to Rule 12(b)(6).

Dated: October 6, 2025

FISH & RICHARDSON P.C.

By: */s/ Christopher S. Marchese*

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (949) 623-7640
Fax: (858) 678-5099

Aamir A. Kazi (*pro hac vice* forthcoming)
GA Bar 104235
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

**ATTORNEYS FOR DEFENDANTS NEVER BROKE AGAIN LLC AND KENTRELL DESEAN GAULDEN AKA NBA YOUNGBOY**

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Never Broke Again LLC, and Kentrell Desean Gaulden aka NBA YoungBoy, certify that this brief contains 2,138 excluding the portions of the brief permitted under Local Rule 11-6.1, which complies with the 7,000-word limit of Local Rule 11-6.1.

*/s/Christopher S. Marchese*
Christopher S. Marchese