KIBLER FOWLER & CAVE LLP
John D. Fowler (SBN 271827)
jfowler@kfc.law
Tracy B. Rane (SBN 192959)
trane@kfc.law
Dominique Caamano (SBN 301810)
dcaamano@kfc.law
Zien Halwani (SBN 322040)
zhalwani@kfc.law
11100 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone:   (310) 409-0400
Facsimile:   (310) 409-0401

*Attorneys for WESTSIDE
MERCHANDISING, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTSIDE MERCHANDISING, LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>       v.<br><br>NEVER BROKE AGAIN LLC, a Louisiana limited liability company; KENTRELL DESEAN GAULDEN AKA NBA YOUNGBOY, an individual; and DOES 1 through 10, inclusive,<br><br>       Defendants. | CASE NO. 2:25-cv-07415-HDV-SK<br><br>**OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>Date:    November 6, 2025<br>Time:    10:00 a.m.<br>Crtrm.: 5B<br><br>Judge:  Hernan D. Vera<br><br>Trial Date:     None Set |

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   BACKGROUND ....................................................................................... 2

    A.    The Parties............................................................................................ 2

    B.    The Master License Agreement Dated February 24, 2023 ................... 2

    C.    Defendants' Failure to Perform and Breach of the MLA ..................... 3

    D.    Defendants' Purported Notice of Termination of the MLA and Plaintiff's Commencement of This Lawsuit ......................................... 4

III.  ARGUMENT .......................................................................................... 4

    A.    Legal Standard ..................................................................................... 4

    B.    Plaintiff States a Valid Breach of Contract Cause of Action Against Defendants in the Complaint ................................................... 5

        1.    Plaintiff Sufficiently Alleges that Defendants Breached the MLA by Failing to Use Best Efforts to Use Plaintiff as the Merchandise Representative ................................................. 6

        2.    Plaintiff Sufficiently Alleges that Defendants Breached the MLA by Failing to Perform the Promotional and Marketing Requirements Mandated by Schedule 2 of the MLA ............................................................................................ 7

    C.    The Complaint Alleges a Valid Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing ......................................... 9

IV.   CONCLUSION ..................................................................................... 11

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................5, 6

6
7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................4, 5

8
9

*Broan v. Bogan*,
    320 F.3d 1023 (9th Cir. 2003) .......................................................................5

10
11

*Comunale v. Traders & General Ins. Co.*,
    50 Cal.2d 654 (1958) .......................................................................................9

12
13

*Davis v. Capitol Records, LLC*,
    2013 WL 1701746 (N.D. Cal. 2013) .....................................................9, 11

14

*Guz v. Bechtel Nat'l, Inc.*,
    24 Cal.4th 317 (2000) .....................................................................................9

15
16

*Hickcox-Huffman v. US Airways, Inc.*,
    855 F.3d 1057 (9th Cir. 2017) .......................................................................5

17
18

*In re NVIDIA Corp. Securities Litigation*,
    768 F.3d 1046 (9th Cir. 2014) .......................................................................8

19
20

*Johnson v. Riverside Healthcare System, LP*,
    534 F.3d 1116 (9th Cir. 2008) .......................................................................5

21
22

*Kransco v. American Empire Surplus Lines Ins. Co.*,
    23 Cal.4th 390 (2000) .....................................................................................9

23
24

*Mahmoud v. Select Portfolio, Inc.*,
    No. 3:17-CV-00568-MEJ, 2018 WL 278621 (N.D. Cal., Jan. 3, 2018) ............5, 9

25

*Racine & Laramie, Ltd v. Dep't of Parks & Recreation*,
    11 Cal.App.4th 1026 (1992) .........................................................................9

26
27

*Usher v. City of Los Angeles*,
    828 F.2d 556 (9th Cir. 1987) .........................................................................5

28

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................4, 7

Fed. R. Civ. P. 15(a)(2)................................................................................................5

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

OPPOSITION TO MOTION TO DISMISS COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants' Motion to Dismiss – which is directed at Plaintiff's First Cause of Action for Breach of Contract and Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing -- should be denied in its entirety. First, Defendants' assertion that Plaintiff has not alleged its breach of contract claim with the requisite specificity is easily dispelled. Even a cursory review of the Complaint shows that Plaintiff has alleged both the specific actions by Defendants that constitute a breach of the Merchandise Licensing Agreement ("MLA") and the specific sections of the MLA that have been breached. Plaintiff also attaches the MLA as an Exhibit to the Complaint. There is nothing else that Plaintiff can possibly add to assert a plausible breach of contract claim.

Defendants also argue that Plaintiff has not alleged that Defendants breached the MLA by failing to comply with the best efforts clause that appears in the MLA – a clause that required Defendants to use their best efforts to use Plaintiff as their Merchandise Representative for Defendants' tours and certain VIP meet and greets for tours – because there were no live tours during the pendency of the MLA. Of course, this argument rests on the patently erroneous and self-serving assumption that the MLA has been properly terminated by Defendants, which is entirely disputed by Plaintiff, and is also the subject of Plaintiff's declaratory relief claim in this action. Indeed, as demonstrated by the MLA itself, Defendants had to fulfill specific requirements to terminate the MLA, which have not been met. In fact, whether or not Defendants have fulfilled those requirements and whether Defendants can even avail themselves to the early termination provision of the MLA in the first instance are factual issues that must be resolved in this lawsuit. Defendants' attempt to frame these issues as undisputed and then summarily (and falsely) claim that because they have terminated the MLA Plaintiff cannot state a breach of contract claim necessarily lacks merit and should be denied.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

Finally, Plaintiff has also alleged a valid breach of implied covenant claim. As Plaintiff has also alleged that Defendants have engaged in various acts that deprived Plaintiff of the benefits of the contract, this claim is not duplicative of Plaintiff's breach of contract claim. Nothing in Defendants' Motion establishes otherwise. The Motion should therefore be denied.

## II.     BACKGROUND

### A.     The Parties

Plaintiff Westside Merchandising, LLC ("Westside") is a global full-service apparel, fashion, and merchandise company that, among other things, designs and manufactures apparel and merchandise. Complaint, ¶2. Westside has an award-winning creative department with in-house designers and has designed tens of millions of dollars' worth of apparel and merchandise for a variety of the world's leading entertainers, brands, and retailers. *Id.* In addition to designing and manufacturing apparel and merchandise, Westside has decades of experience in tour forecasting and logistics, venue settlements, and handling the ticketing VIP meet-and-greets for tours. *See id.*

Defendant Kentrell DeSean Gauldron a/k/a Youngboy ("Youngboy") is an American rap artist. Complaint, ¶2. Defendant Never Broke Again, LLC ("Never Broke") is Youngboy's record label. *Id.*

### B.     The Master License Agreement Dated February 24, 2023

Westside and Defendants entered into a Merchandise License Agreement on February 24, 2023. Complaint, ¶2 and Ex. A. Pursuant to paragraph 1(a) of the MLA Westside is granted exclusive and non-exclusive Rights listed on Schedule 1 of the MLA as to Merchandise Rights to develop, design, manufacture, sell, distribute, and license all soft apparel merchandise across all channels of distribution, including but not limited to retail, licensing, tours, live events, VIP, and fan-club, internet, e-commerce and direct to consumer (including mail order) but specifically excluding shoes (collectively the "Merchandise Products") throughout

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

1   the Territory during the Term. Complaint, ¶3 and Ex. A, paragraph 1(a).

2         In addition, pursuant to Schedule 2 of the MLA, Youngboy was obligated to

3   participate in numerous specific marketing activities to promote the merchandise

4   productions that Westside designs, manufactures, and sells under the MLA.

5   Complaint, ¶3 and Ex. A, Schedule 2. Among other things, Youngboy was to

6   participate in one 30-minute video conference session with Westside and at least one

7   photoshoot per year. Complaint, Ex. A, Schedule 2.  Youngboy was also obligated

8   to appear in one Instagram post per year in the first 6 months of each year unless

9   otherwise agreed to by Westside. *Id.*

10        As set forth in Schedule 1 of the MLA, the term of the Agreement

11  commenced on the "Effective Date," and continued until the later of (i) recoupment

12  of the applicable Recoupable Artist Advances (ii) or Artist's election to terminate

13  the Agreement on a date no earlier than three (3) years from commencement. Ex. A,

14  Schedule 2, paragraph G.

15        "Effective Date" is defined in the MLA as the date of the approval of the 8

16  new Merchandise Product designs by Artist and/or Never Broke and the initial

17  design artwork is delivered by Artist and/or Never Broke ("Effective Date"). *Id.*

18        Pursuant to Schedule 2, paragraph H, following the date two years from the

19  Effective Date, if Artist's account is unrecouped at the time Artist elects to terminate

20  the agreement, Artist shall have the right to terminate the agreement upon

21  repayment and receipt of 115% of the artist's then unrecouped balance and then the

22  Agreement shall terminated effective as of the end of the quarter in which

23  repayment by the Artist is made. Complaint, Ex. A, Schedule 2, Paragraph H.

**C.    Defendants' Failure to Perform and Breach of the MLA**

25        Youngboy did not perform the requisite promotional duties to promote the

26  MLA as required by Schedule 2 of the MLA.  *See* Complaint ¶22 and Ex. A,

27  Schedule 2. Among other things, Youngboy failed to participate in the 30-minute

28  video conference session with Westside, he failed to make one Instagram post per

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

month promoting the Merchandise Products or tag Westside in the posts, and he did not participate in any personal or virtual appearances as required. Complaint ¶24 and Ex. A, Schedule 2.  In fact, because Youngboy was incarcerated from December of 2023 to May of 2025, he failed to perform his contractual duties for the majority of the term of the MLA. *See* Complaint ¶28.

Youngboy also engaged in conduct that thwarted opportunities that Plaintiff obtained under the MLA. Complaint ¶¶26-27. Westside had secured a lucrative deal with Lizzie Pure of Pure Atlanta for Defendants' products to be sold at all of Pure Atlantic's locations, but after Youngboy posted derogatory statements about Lizzie Pure on social media, Ms. Pure cancelled the business arrangement.  Complaint ¶26.

### D. Defendants' Purported Notice of Termination of the MLA and Plaintiff's Commencement of This Lawsuit

On May 27, 2025, Defendants sent a letter to Westside in which they purported to terminate the MLA.  Complaint ¶31. Although the MLA permits Defendants to terminate two years after the "Effective Date," Defendants must pay 115% of the unrecouped balance and the MLA is only terminated effective as of the end of the quarter in which repayment by Defendants is made. Complaint ¶ 32. Defendants did not tender the payment with its May 27 termination letter, and to date, Westside has not received any payment from Defendants.  *Id.*

Plaintiff commenced this lawsuit on August 8, 2025, and seeks the following relief against Defendants: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; and (3) Declaratory Relief.

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

1   motion to dismiss under Rule 12(b)(6), a complaint "does not need detailed factual
2   allegations . . . only enough facts to state a claim to relief that is plausible on its
3   face." *Id.* at 543 and 570 (2007). "A claim has facial plausibility when the plaintiff
4   pleads factual content that allows the court to draw the reasonable inference that the
5   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663
6   (2009). "This is not an onerous burden" and the complaint "need only give the
7   defendants fair notice of what the claim is and the grounds upon which it rests."
8   *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

9      "Rule 12(b)(6) motions are viewed with disfavor." *Broan v. Bogan*, 320 F.3d
10  1023, 1028 (9th Cir. 2003). Accordingly, "[w]hen ruling on a 12(b)(6) motion, the
11  complaint must be construed in the light most favorable to the plaintiff." *Id.* This
12  means the Court is to accept all facts as true "and draw all reasonable inferences in
13  favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th
14  Cir. 1987; *Twombly*, 550 U.S. at 555. "Dismissal without leave to amend is proper
15  only in 'extraordinary' cases." *Broan*, 320 F.3d at 1028; *see also* Fed. R. Civ. P.
16  15(a)(2).

17      **B.  Plaintiff States a Valid Breach of Contract Cause of Action Against
18           Defendants in the Complaint**

19      A plaintiff pleading a claim for relief for breach of contract under California
20  law must show (1) a legally enforceable contract between the parties; (2) the
21  plaintiff's performance or excuse for non-performance; (3) the defendant's breach of
22  that contract (e.g., by failing to perform or performing inadequately); and (4)
23  damage to the plaintiff caused by the defendant's breach. *Hickcox-Huffman v. US
24  Airways, Inc.*, 855 F.3d 1057, 1062 (9th Cir. 2017);  Under California law, to state a
25  claim for breach of contract a plaintiff must plead the contract, plaintiff's
26  performance (or excuse for nonperformance), defendant's breach, and damage to
27  plaintiff therefrom."; *Mahmoud v. Select Portfolio, Inc.*, No. 3:17-CV-00568-MEJ,
28  2018 WL 278621, at *4 (N.D. Cal., Jan. 3, 2018). The complaint need only "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. As demonstrated by the Complaint itself, and as discussed below, there is no question that Plaintiff more than satisfies this requirement.

1.     *Plaintiff Sufficiently Alleges that Defendants Breached the MLA by Failing to Use Best Efforts to Use Plaintiff as the Merchandise Representative*

In the Complaint, Plaintiff alleges Defendants have failed to make "best efforts" to have Westside be the merchandise representative for Defendants upcoming tour or to sell VIP meet-and-greet Merchandise Products with Youngboy at the upcoming tour as required by the MLA. *See* Complaint ¶37; *see also,* Complaint, Ex. A 3.1 (b) and (c). Defendants do not dispute that Plaintiff has alleged all of the elements of a breach of contract claim or that the MLA contains a "best efforts" clause. Instead, they argue that they could not have possibly breached the "best efforts" clause because Defendants were only obligated to use "best efforts" for concerts and tours and assert that Defendants did not participate in any tours during the MLA because Youngboy was incarcerated during the term of the MLA, and then they assert that Defendants provided a termination of the MLA as to any forthcoming tours or live events. Motion at 5. Defendants' argument is devoid of merit.

First, Defendants' argument rests on the false and self-serving premise that the MLA has been terminated. However, this is a highly disputed issue that must be decided in this lawsuit. *See* Plaintiff's Third Cause of Action for Declaratory Relief. Indeed, as set forth in the Complaint, although the MLA permits Defendants to terminate two years after the Effective Date, the Defendants must pay 115% of the unrecouped balance and the MLA is then only terminated effective as of the end of the quarter in which repayment by Defendants is made. Complaint, ¶32. As further alleged in the Complaint, Defendants did not tender the payment with its May 27 termination letter, and to date, Westside has not received any payment from

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025
KF&C

1    Defendants. *Id.* Accordingly, Defendants' argument that Plaintiff has not adequately

2    alleged that Defendants breached the contract based on the "best efforts" clause on

3    the purported ground that the MLA had been terminated necessarily fails.

4         Moreover, even assuming that Defendants could somehow establish that that

5    MLA had been terminated on May 27, 2025 (which they cannot), there is still no

6    question that Plaintiff sufficiently alleges that Defendants breached the MLA prior

7    to that date by failing to use their best efforts to have Plaintiff act as their

8    Merchandise Representative. As alleged in the Complaint, the Defendants

9    announced their tour on or about May 15, 2025, and the merchandising contracts

10   were necessarily entered into well before that date and the actual concert dates.

11   Complaint ¶29. Accordingly, Plaintiff sufficiently alleges a breach of contract based

12   on the Defendants' failure to use their best efforts well before May of 2025. *See*

13   Complaint ¶37.

14              2.   *Plaintiff Sufficiently Alleges that Defendants Breached the MLA*
                     *by Failing to Perform the Promotional and Marketing*
15                   *Requirements Mandated by Schedule 2 of the MLA*

16        Plaintiff also sufficiently alleges that Defendants breached the MLA by

17   failing to perform the requisite marketing and promotional duties set forth in

18   Schedule 2 of the MLA. Defendants' initial argument that Plaintiff cannot allege

19   that Defendants breached the various obligations outlined in Schedule 2 of the MLA

20   because there is "no reference to Schedule 2 in the MLA" (Mot. at 5) is nonsensical.

21   Schedule 2 is attached to the MLA and incorporated within the agreement.  As

22   Defendants themselves clearly recognize, the MLA inadvertently refers to Schedule

23   2 as Schedule A.  *See id.*

24        Moreover, far from listing "a vague laundry list of misdeeds," the Complaint

25   contains a specific section entitled "YoungBoy's Failure to Perform and Breach of

26   the MLA," in which Plaintiff states that Youngboy did not perform the promotional

27   duties to promote the MLA set forth in Schedule 2 of the MLA. Complaint at 7.

28   Additionally, although neither Rule 8(a) nor *Twombly/Iqbal* required Plaintiff to

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

KFⁱC

1  attach the signed contract or *any* document, in addition to identifying the section of

2  the MLA that Defendants breached here, Plaintiff attaches the MLA to its

3  Complaint.[1]

4      Plaintiff also identifies the following specific activities that Defendants failed

5  to perform as required by the MLA that constitute a breach:  Youngboy failed to

6  participate in the 30-minute video conference session with Westside, he failed to

7  make one Instagram post per month promoting the Merchandise Products or tag

8  Westside in the posts, and he did not participate in any personal or virtual

9  appearances.  Complaint ¶24 and Ex. A, Schedule 2. In fact, because Youngboy was

10  incarcerated from December of 2023 to May of 2025, he failed to perform his

11  contractual duties for the majority of the term of the MLA.  *See* Complaint ¶28.

12      Finally, although not entirely clear, Defendants also appear to argue that

13  Plaintiff cannot allege a breach of contract because Plaintiff allegedly failed to

14  perform (i.e., provide Defendants merchandising samples) prior to the time that

15  Defendants had to perform, and therefore, Plaintiff has failed to allege a breach of

16  contract claim.  Motion at 6 ("Plaintiff does not allege it ever provided

17  merchandising samples to Defendants to begin the process as it was required to

18  do.") Significantly, however, Defendants' argument here lacks merit because if no

19  artwork had been approved by Defendants, then the MLA would never have

20  commenced in the first instance. This is because the "effective date" of the MLA

21  was triggered upon the approval of 8 new merchandise product designs.  *See*

22  Complaint, Ex. A, Schedule 2, Paragraph G.  Defendants' argument here also

23  ignores the plain language of Paragraph 1(b) of the MLA, which states that the

24  Artist shall be deemed to have granted approval of the artwork if it does not notify

25

26  [1] In ruling on a Rule 12(b)(6) motion, courts treat any attached documents as part of
    the complaint. *In re NVIDIA Corp. Securities Litigation*, 768 F.3d 1046, 1051 (9th

27  Cir. 2014).

28

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

1    Plaintiff to the contrary within seven business days of receipt thereof.  *See*

2    Complaint, Ex. A, Paragraph 1(b). Moreover, Plaintiff specifically alleges that it has

3    performed its obligations under the MLA or was excused from performing.  *See*

4    Complaint, ¶35.

5         In sum, there is no question that Plaintiff has stated a plausible breach of

6    contract claim that provides Defendants with fair notice.

7         **C.   The Complaint Alleges a Valid Claim for Breach of the Implied**
           **Covenant of Good Faith and Fair Dealing**

8

9         There is an implied covenant of good faith and fair dealing in every contract

10    that neither party will do anything which will injure the right of the other to receive

11    the benefits of the agreement." *Kransco v. American Empire Surplus Lines Ins. Co.*,

12    23 Cal.4th 390, 400, (2000) (quoting *Comunale v. Traders & General Ins. Co.*, 50

13    Cal.2d 654, 658 (1958)). The covenant exists to prevent one contracting party from

14    unfairly frustrating the other party's right to receive the contract's benefits. *Guz v.*

15    *Bechtel Nat'l, Inc*., 24 Cal.4th 317, 349 (2000); *see also Racine & Laramie, Ltd v.*

16    *Dep't of Parks & Recreation,* 11 Cal.App.4th 1026, 1031(1992) (the covenant

17    "prevent[s] a contracting party from engaging in conduct which (while not

18    technically transgressing the express covenants) frustrates the other party's rights to

19    the benefits of the contract.")

20         A claim for breach of the implied covenant of good faith and fair dealing has

21    been found not duplicative of a breach of contract claim when a plaintiff alleged that

22    the defendant acted in bad faith to frustrate the benefits of the alleged contract.

23    *Davis v. Capitol Records, LLC,* 2013 WL 1701746 at *4-5 (N.D. Cal. 2013) (citing

24    *Celador Intern'l Ltd v. The Walt Disney Co.,* 347 F.Supp.2d 846, 853 C.D. 2004).

25    Additionally, courts have permitted claims to proceed in conjunction with a breach

26    of contract claim where the complaint alleges facts sufficient to show that the

27    defendant has interfered with the plaintiff's rights under the contract. *See Mahmoud*

28    *v. Select Portfolio, Inc.*, No. 3:17-CV-00568-MEJ, 2018 WL 278621, at *5 (N.D.

KFaC

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

1    Cal., Jan. 3, 2018) (motion to dismiss plaintiff's claim for breach of covenant of

2    good faith and fair dealing was denied against Select Portfolio because "[p]laintiff

3    has stated a breach of contract claim against Select Portfolio," and the complaint

4    "alleges facts sufficient to show Select Portfolio interfered with his rights under the

5    contract").

6        In the instant matter, Plaintiff had a clear agreement that Defendants would

7    perform specific promotional and marketing obligations. *See* Complaint, Ex. A,

8    Schedule 2.  The MLA also specifically provided that Plaintiff had the right to sell

9    merchandise, including for tours, and that Defendants shall make best efforts for

10   Westside to be the Merch representative for touring concerts and live events. *Id.* Ex.

11   A, paragraph, 3(b). However, far from using any best efforts, Defendants did

12   *nothing*, found another merchandise representative, and purported to terminate the

13   MLA. Such conduct clearly frustrated the entire purpose of and deprived Westside

14   of the benefits of the MLA, which violated the implied covenant of good faith and

15   fair dealing.

16       Youngboy also engaged in the following conduct, which frustrated and

17   interfered with Westside's ability to reap the benefits and the significant investment

18   it made to Defendants (the advance of $1 million) under the MLA:

19       -    After entering into the agreement with Plaintiff, instead of promoting

20            Plaintiff's merchandise, Youngboy wrongfully promoted the

21            trademarks for a competitor's line of merchandise.  Complaint, ¶5.

22       -    Instead of promoting the Westside products on his Instagram,

23            Youngboy began wearing a competitor's apparel and appeared in

24            public while tagging himself wearing a competitor's apparel.

25            Complaint, ¶23.

26       -    Youngboy thwarted an opportunity that Westside procured with Pac

27            Sun by posting a photo on Instagram depicting himself passed out next

28            to pills (seemingly promoting drug use).  Complaint ¶25.

Case No. 2:25-cv-07415-HDV-SK

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

1    -    Youngboy thwarted a lucrative deal that Westside had secured with

2         Lizzie Pure of Pure Atlanta, by posting derogatory statements about

3         her.  Complaint ¶26.

4    All of these allegations demonstrate that Defendants have interfered with and

5    frustrated the purpose of the MLA, which constitutes a breach of the covenant of

6    good faith and fair dealing. *See Davis, supra,* 2013 WL 1701746 at \*4-5*;Mahmoud,*

7    *supra,* WL 278621 at \*5.  Accordingly, Defendants' motion to dismiss the second

8    cause of action should also be denied.

9    **IV.    CONCLUSION**

10   For all of the foregoing reasons, Plaintiff respectfully requests this Court to

11   deny Defendants' Motion to Dismiss in its entirety. In the alternative, Plaintiff

12   requests this Court to grant Plaintiff leave to amend.

14   Dated:  October 16, 2025          KIBLER FOWLER & CAVE LLP

17   By: _____

18        JOHN D. FOWLER
         TRACY B. RANE
19        DOMINIQUE CAAMANO
         ZIEN HALWANI
20        Attorneys for WESTSIDE
         MERCHANDISING, LLC

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025